# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK VAN,<br><br>    Plaintiff,<br><br>v.<br><br>ATLANTIC HEALTH SYSTEMS et al.,<br><br>    Defendant. | Civil Action No. 17-4254 (JMV)<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Mark Van ("Plaintiff") for leave to file an Amended Complaint [ECF No. 10]. Defendant Atlantic Health Systems ("Defendant" or "AHS") opposes Plaintiff's motion [ECF. No. 12]. For the reasons set forth below, Plaintiff's motion to file an Amended Complaint [ECF. No. 10] is **GRANTED.**

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's initial Complaint in this matter was filed in the Superior Court of New Jersey, Essex County, on September 16, 2016. *See* Compl., ECF No. 1 at 7.[1] In his Complaint, Plaintiff alleges that he worked at AHS as an emergency services provider. Compl. ¶ 1. Plaintiff further alleges that he was suspended from his position for inappropriately assisting personnel from Mountainside Hospital in getting a certification for Emergency Medical Services and for violating the Health Insurance Portability and Accountability Act. *Id.* ¶ 32. Specifically, Plaintiff initiated this action asserting: (1) violations of the Conscientious Employee Protection Act; (2) tortious

---

[1] In the interest of clarity, when referring to the Plaintiff's initial Complaint or Defendant's Memorandum in Opposition, the Court cites to the page number in the ECF header imprinted on the document.

interference with a contract; (3) defamation; (4) civil conspiracy; and (5) tortious interference with prospective economic advantage. *See generally* Compl.

In March of 2017, the Superior Court dismissed various claims in Plaintiff's Complaint. Notice of Removal, ECF No. 1 ¶ 6 ("NOR"). On May 24, 2017, Plaintiff filed a motion to amend his Complaint alleging, *inter alia*, that AHS failed to inform him of his Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA") rights. *Id.* ¶ 7. While Plaintiff's motion was still pending, Defendant removed the action to this Court on June 12, 2017 pursuant to 28 U.S.C. § 1441, citing this Court's jurisdiction under 28 U.S.C. § 1331. NOR ¶ 11.

Plaintiff now seeks to file an Amended Complaint to include new factual allegations, a new individual defendant and new claims for: (1) tortious interference as to AHS and Anthony Raffino (Count IV); (2) termination in violation of public policy as to AHS (Count V); (3) negligent retention/failure to train as to AHS (Count VI); (4) false light as to Anthony Raffino (Count VII); and (5) failure to inform Plaintiff of his COBRA rights as to AHS (Count VIII). *See generally* Proposed Am. Compl. ECF No. 10-2. Defendant opposes Plaintiff's motion.[2] Def.'s Br. in Opp'n, ECF No. 12.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the

---

[2] Defendant does not oppose Plaintiff's motion to amend the Complaint to include Count VIII.

2

amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharma v. Mylan Techs Inc.*, 2013 U.S. Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . . ." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Defendant does not assert that Plaintiff's motion was unduly delayed or results from any bad faith, but argues that it would be prejudiced by Plaintiff's proposed amendments and that the amendments are futile. First, the Court addresses Defendant's claim that it would be prejudiced by Plaintiff's proposed amendments. A court may deny a motion to amend if by virtue of allowance of the amendment the opposing party would be unduly prejudiced. *Foman,* 371 U.S. at 182.

Defendant argues that it has already served and received responses to written discovery and if Plaintiff's motion is granted, Defendant will be required to defend baseless claims and prepare additional written discovery further delaying disposition of this matter. Def.'s Br. in Opp'n at 7. While the Court recognizes that Defendant may suffer some prejudice should Plaintiff's motion be granted, Defendant's mild assertions of prejudice do not amount to the level of prejudice necessary for the Court to deny Plaintiff's motion to amend. To establish undue prejudice, Defendant must demonstrate that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" unless the amendment is denied. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citation omitted). Since discovery is in its earliest stages, Plaintiff's proposed amendments will not deprive Defendant of the opportunity to present facts or evidence or

otherwise prepare and present its case. Accordingly, Defendant has failed to demonstrate that it will be unduly prejudiced by Plaintiff's proposed amendments.

Next, the Court addresses Defendant's assertion that Plaintiff's proposed amendments are futile. An amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). In determining whether an amendment is insufficient on its face, the Court employs the same standard as in a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). Under a Rule 12(b)(6) analysis, the question is not whether the movant will ultimately prevail, and detailed factual allegations are not necessary to survive such a motion. *Antoine v. KPMG Corp.,* 2010 WL 147928, at *6 (D.N.J. Jan. 6, 2010). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *Meadows v. Hudson County Bd. of Elections,* 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006).

With respect to Counts IV, V and VII of Plaintiff's proposed Amended Complaint, Defendant asserts that the claims are futile because Plaintiff failed to allege sufficient facts upon which relief can be granted. Def.'s Br. in Opp'n at 13-14, 18. As to Count VI of Plaintiff's proposed Amended Complaint, Defendant contends that the claim is futile because it is barred by the New Jersey Workers' Compensation Act. *Id*. at 12. While Defendant may be correct in its assertions regarding the viability of Plaintiff's proposed claims, it appears to the Court that a ruling on Defendant's futility arguments in the context of the present motion would require legal determinations better suited for a motion to dismiss. Accordingly, the Court declines to find at this juncture that Plaintiff's proposed amendments are clearly futile. Based on the foregoing, Plaintiff's motion for leave to file an Amended Complaint is **GRANTED**.

### III.     CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 17th day of May, 2018,

**ORDERED** that Plaintiff's motion for leave to file an Amended Complaint [ECF No. 10] is **GRANTED;** and it is further

**ORDERED** that Plaintiff shall file and serve his Amended Complaint within **seven (7) days** from the date of this Order.

                                                          s/ James B. Clark, III
                                                   **JAMES B. CLARK, III**
                                                   **United States Magistrate Judge**