UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

MARK VAN,

    *Plaintiff,*

v.

ATLANTIC HEALTH SYSTEMS, ANTHONY RAFFINO, AND LYDIA LOPEZ,

    *Defendants.*

Civil Action No. 17-4254 (JMV) (JBC)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter concerns Plaintiff Mark Van's claims of workplace-related misconduct against his former employer, AHS Hospital Corp./Atlantic Ambulance ("AHS"); his former supervisor, Tony Raffino; and a director who investigated a relevant complaint, Lydia Lopez (collectively the "Defendants"). D.E. 19. Currently pending before the Court is Plaintiff's motion for reconsideration of a portion of the Court's October 31, 2018 Opinion and Order, D.E. 40, 41, dismissing Plaintiff's negligent retention claim against AHS. D.E. 42. This motion for reconsideration was decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). The Court has considered the parties' submissions[1] and, for the reasons that follow, the Court denies Plaintiff's motion for reconsideration.

---

[1] Plaintiff's brief in support of his motion will be referred to as "Pl. Br." D.E. 42-1. Defendants' opposition to this motion will be referred to as "Def. Opp'n." D.E. 45. Plaintiff did not file a reply.

## I. BACKGROUND

The Court included an extensive factual background in its October 31, 2018 Opinion dismissing Plaintiff's First Amended Complaint, D.E. 40 ("Prior Op.") at 2-6, which the Court incorporates by reference here. Plaintiff moved for reconsideration of a portion of this decision on November 14, 2018, arguing only that the Court reconsider its dismissal of Plaintiff's negligent retention/failure to train allegation as to AHS. Pl. Br. at 1.

## II. STANDARD OF REVIEW

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. The Court issued its Order on October 31, 2018. D.E. 41. Plaintiff filed his motion for reconsideration on November 14, 2018. D.E. 42. Accordingly, Plaintiff complied with this time requirement.

Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted). A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988).

Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

### III. ANALYSIS

Plaintiff is not arguing an intervening change in law or that new evidence has since become available in support of its motion for reconsideration. Instead, Plaintiff appears to be arguing that the Court must correct a clear error of law or prevent manifest injustice. In its Prior Opinion, the Court dismissed Plaintiff's negligent retention/failure to train claim[2] because "[u]nder Jersey law an action in negligence against an employer is barred by the New Jersey Workers Compensation Act, N.J.S.A. § 34:15-8." Prior Op. at 12. Plaintiff now argues that the Court should not have dismissed Plaintiff's negligent retention/failure to train claim against AHS as to Raffino's conduct regarding the BOLO because Plaintiff was not employed by AHS at the time that these events occurred. Pl. Br. at 1. In support of this position, Plaintiff cites only a 2011 unpublished decision from a Wisconsin appellate court, interpreting Wisconsin law. *Id.* at 2.

First, Plaintiff had an opportunity to make this argument in opposing Defendants' motion to dismiss, but Plaintiff failed to timely oppose Defendants' motion. Defendants moved to dismiss on June 19, 2018. D.E. 20. Plaintiff requested two extensions and the Court granted both. D.E. 25, 29. Pursuant to the second extension, Plaintiff's opposition was due on August 6, 2018, *see* D.E. 29, but Plaintiff did not file his opposition until October 23, 2018 – over two months late, D.E. 38. The Court did not consider this tardy submission because Plaintiff did not request a third

---

[2] In both his Amended Complaint and brief in support of his motion for reconsideration, Plaintiff refers to this claim as "Negligent Retention/Failure to Train." D.E. 19 ("Am. Compl.") ¶ 93; Pl. Br. at 1. However, Plaintiff relies on the elements of a New Jersey negligent supervision/hiring claim in making this argument, Am. Compl. ¶ 94, and the Court construes the claim accordingly.

3

adjournment or provide any reason, much less show good cause, for missing this deadline by over two months,[3] and ruled on the motion to dismiss on October 31, 2018. Prior Op. at 7. Plaintiff could have made this argument before the Prior Opinion and Order but failed to do so without demonstrating good cause. It is not appropriate on a motion for reconsideration for the Court to consider this argument.

Second, the Court notes that Plaintiff's legal support, a 2011 unpublished decision from a Wisconsin appellate court, interpreting Wisconsin law, (1) is not an intervening change in law (as it was decided prior to the Court's Prior Opinion in 2018) and, more importantly, (2) is not binding on this Court. The unpublished Wisconsin decision does not apply the relevant New Jersey law. Plaintiff lends no support for its argument that the *New Jersey* Workers Compensation Act's exclusive remedy provision, N.J.S.A. § 34:15-8.5, does not apply to a co-employee's allegedly tortious conduct that continues after plaintiff's employment ends with their shared employer. Thus, the Court is unpersuaded by this non-binding precedent.

Finally, even if the Court were to accept this argument (that Plaintiff is not barred from asserting negligent hiring against his former employer), Plaintiff did not plausibly plead negligent supervision/retention. As noted in the Court's Prior Opinion, a plaintiff must demonstrate the following to establish a negligent hiring or supervision claim:

> (1) the employer knew or had reason to know of the particular unfitness, incompetence, or dangerous attributes of the employee,
> (2) the employer could reasonably have foreseen that these qualities

---

[3] By way of letter, filed on the docket on November 15, 2018, D.E. 43-1, Plaintiff's counsel has since provided a reason for the delay. The letter is dated September 21, 2018 and is addressed to Magistrate Judge Clark, but does not appear anywhere on the docket prior to November 15, 2018 (weeks after the Court's October 31, 2018 decision). *Id.* To the contrary, the certification of counsel which accompanies the letter is dated November 14, 2018. D.E. 43. Counsel details personal obligations as to her brother's care, a housing situation, and professional obligations. Yet, counsel fails to indicate why she could not have notified the Court of these issues in a timely fashion (the letter is less than two pages).

4

created a risk of harm to other persons, and (3) the employer's negligence and the employee's unfitness or dangerous characteristic proximately caused the injury.

Prior Op. at 11 (quoting *Silvestre v. Bell Atl. Corp.*, 973 F. Supp. 475, 486 (D.N.J. 1997), *aff'd*, 156 F.3d 1225 (3d Cir. 1998)).

Here, Plaintiff claims that AHS knew of Raffino's history of misconduct towards Plaintiff and could therefore have reasonably foreseen his future misconduct towards Plaintiff. Am. Compl. ¶¶ 93-99. Yet, Plaintiff claims that a BOLO is the proximate cause of his injury, *Id.* ¶¶ 80, 98; Pl. Br. at 1-3, but Plaintiff fails to allege that Raffino issued the BOLO or disseminated it. Instead, Plaintiff alleges that Jim Smith issued the BOLO. Am. Compl. ¶ 97; Pl. Br. at 2. Plaintiff does not allege AHS's negligent supervision over Jim Smith. Plaintiff insists that the BOLO was "Tony [Raffino]'s idea," but the Amended Complaint does not support this assertion. *See Frederico v. Home Depot*, 507 F.3d 188, 201 (3d Cir. 2007) (explaining that pleadings cannot be amended by briefing). Thus, Plaintiff failed to plausibly plead AHS's negligent supervision over Raffino in connection with the BOLO.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 5th day of February, 2019,

**ORDERED** that Plaintiff's motion for reconsideration (D.E. 42) is **DENIED**.

JOHN MICHAEL VAZQUEZ, U.S.D.J.

5